**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Matthew Stevens, Appellant.

Appellate Case No. 2011-198666

———————————

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-047
Submitted January 1, 2013 – Filed January 30, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Jennifer Ellis Roberts, all of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Gilmore*, 396 S.C. 72, 76, 719 S.E.2d 688, 690 (Ct. App. 2011) (noting in determining whether a defendant is entitled to a jury charge on a lesser-included offense, "[i]f there is evidence in the record from which the jury could infer the defendant is guilty of the lesser-included offense, rather than the crime charged, the trial [court] must instruct the jury on the lesser-included offense"); *id.* at 77, 719 S.E.2d at 691 (noting the mere existence of evidence of the lesser-included offense is insufficient to require a jury charge and instead there must be evidence the defendant committed the lesser-included offense instead of the charged offense).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.